# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CROSS COUNTY DEVELOPMENT CO.,
    Plaintiff,

vs.

MIKE GRIFFIN, et al.,
    Defendants.

Case No. 1:19-cv-476
Dlott, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

Defendant Mike Griffin filed a pro se notice of removal of a state court civil action to the United States District Court. (Doc. 1). Mr. Griffin alleges he removed his state court case to this federal court "to protect his 14th Amendment rights to property and to protect his due process rights for both him and his persons." (*Id.*). This matter is before the Court on Mr. Griffin's "affidavit in support of an emergency order to show cause for preliminary injunction and temporary restraining order," which seeks an order temporarily restraining and enjoining plaintiff from evicting or ejecting Mr. Griffin from the commercial property located at 7709-7711 Affinity Place, Cincinnati, Ohio and 7805 Affinity Place, Cincinnati, Ohio. (Doc. 12).

Mr. Griffin is a party-defendant in a state court eviction action in the Hamilton County, Ohio Court of Common Pleas. Plaintiff Cross County Development Company ("Cross County") filed an amended complaint for eviction and money damages against Mr. Griffin and others on March 27, 2019. The state court granted Cross County's motion for summary judgment on all of its claims, including its forcible detainer (eviction) claims, and issued a writ of execution directing the Hamilton County Sheriff's Office to deliver possession of the real property to Cross County. (Doc. 10). Mr. Griffin's motion to stay the writ of execution was denied, and he subsequently filed a notice of appeal to the Ohio First District Court of Appeals

on June 21, 2019. (Doc. 10). On June 24, 2019, Mr. Griffin filed his petition for removal in this federal court. (Doc. 1).

Fed. R. Civ. P. 65 permits a party to a lawsuit to seek injunctive relief if he believes that he will suffer irreparable harm or injury while the suit is pending. In determining whether to issue a preliminary injunction, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). The same four-factor analysis applies to a motion for temporary restraining order. *See Chabad of S. Ohio & Congregation Lubavitch v. City of Cincinnati*, 363 F.3d 427, 432 (6th Cir. 2004).

The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary*, 228 F.3d at 736. "Moreover, a district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Overstreet*, 305 F.3d at 573.

Mr. Griffin has not alleged facts sufficient to warrant a TRO/preliminary injunction. Mr. Griffin has made no attempt to apply the above factors that must be weighed to his situation. He

has not presented any evidence either showing a substantial likelihood of success on the merits of his constitutional claims or demonstrating that he will suffer irreparable harm absent a TRO/preliminary injunction.

More importantly, this Court lacks subject matter jurisdiction over this removal action. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The defendant carries the burden of showing that removal is proper and that the federal court has original jurisdiction to hear the case. *See Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 377 (6th Cir. 2008); *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The removal statute is to be strictly construed and where jurisdiction is in doubt, the matter should be remanded to the state court. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

The Court cannot discern a basis for federal question jurisdiction in this matter. District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In determining whether an action has been properly removed to federal court, the Court must examine the face of the state court plaintiff's well-pleaded complaint. Under the well-pleaded complaint rule, district courts have federal question removal jurisdiction over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief

necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). In other words, a case arises under federal law when an issue of federal law appears on the face of the plaintiff's well-pleaded complaint. *Caterpillar*, 482 U.S. at 392; *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987). The plaintiff is the master of the claim and may avoid federal jurisdiction by exclusive reliance on state law. *See Caterpillar*, 482 U.S. at 392. In addition, "it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in the original) (citing *Franchise Tax Board*, 463 U.S. at 12). *See also Beneficial National Bank v. Anderson*, 539 U.S. 1, 6 (2003); *Metropolitan Life*, 481 U.S. at 63; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 915.

Mr. Griffin has failed to establish this Court has original federal question jurisdiction over this case. The state court amended complaint does not show this case arises under the Constitution or laws of the United States. Mr. Griffin appears to contend that Cross County violated his due process rights under the United States Constitution in connection with the state court eviction proceeding. However, even if Mr. Griffin asserts a federal defense to the state court eviction action, the existence of a defense based upon federal law is insufficient to support removal jurisdiction. *Franchise Tax Board*, 463 U.S. at 8-12; *Chase Manhattan Mortgage Corp.*, 507 F.3d at 914-15. Therefore, Mr. Griffin has failed to meet his burden of showing federal question jurisdiction in this matter.

In addition, Mr. Griffin may not remove the state court action based on the Court's diversity jurisdiction under 28 U.S.C. § 1332. Removal based on diversity of citizenship is

proper only where the defendants are not citizens of the forum state. The removal statute provides that a civil action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Even if there is complete diversity among the parties, the presence of a properly joined and served resident defendant bars removal. *Chase Manhattan Mortgage Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007); *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989). Because Mr. Griffin is an Ohio citizen, removal on the basis of diversity jurisdiction is barred under § 1441(b).

Accordingly, the Court lacks subject matter jurisdiction over this case.

### IT IS THEREFORE RECOMMENDED:

1. Mr. Griffin's "affidavit in support of an emergency order to show cause for preliminary injunction and temporary restraining order," which seeks an order temporarily restraining and enjoining plaintiff from eviction or ejectment of defendant from the commercial property located at 7709-7711 Affinity Place, Cincinnati, Ohio and 7805 Affinity Place, Cincinnati, Ohio (Doc. 12) should be **DENIED**.

2. This matter should be **DISMISSED** from the docket of the Court for lack of subject matter jurisdiction.

3. This matter should be **REMANDED** to the state court. *See* 28 U.S.C. § 1447(c).

Date: 7/1/19

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| CROSS COUNTY DEVELOPMENT CO., <br> Plaintiff, <br><br> vs. <br><br> MIKE GRIFFIN, et al., <br> Defendants. | Case No. 1:19-cv-476 <br> Dlott, J. <br> Litkovitz, M.J. |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).